FILED
SUPERIOR COURT
OF GUAM

2025 MAY -6 PM 3: 26

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DANIEL V. LEON GUERRERO,<br><br>Plaintiff,<br><br>vs.<br><br>THE DEPARTMENT OF LAND MANAGEMENT, JOSEPH M. BORJA, DIRECTOR, GOVERNMENT OF GUAM, SANDCASTLE, INC.,<br><br>Defendants. | **CIVIL CASE NO. CV0140-24**<br><br>**DECISION AND ORDER RE MOTIONS TO DISMISS** |

Defendant Sandcastle, Inc., moves to dismiss Plaintiff Daniel V. Leon Guerrero's lawsuit, which claims that individuals at the Department of Land Management fraudulently conspired to convey his father's interest in property to I&F Corporation, who then sold this property to Sandcastle via a quitclaim deed. The Court determines that Leon Guerrero lacks standing to file this suit and has also filed it untimely. The Court therefore GRANTS Sandcastle's Motion to Dismiss.

## I.   PROCEDURAL HISTORY

Leon Guerrero filed an Amended Complaint against Sandcastle and DLM on October 2, 2024, arguing that fraudulent activities impacted the transfer of title from I&F Corporation to Sandcastle. First Am. Compl. at 7 (Oct. 2, 2024). Sandcastle seeks dismissal on five different grounds arguing that Leon Guerrero: (1) did not comply with service requirements; (2) lacked standing; (3) failed to state a claim for any interest in the Subject Lots for which the Court can provide relief; (4) filed his claims outside the applicable statute of limitations; and (5) failed to

ORIGINAL

adequately plead fraud. Def. Sandcastle, Inc.'s Mot. Dismiss at 1-2 (Nov. 12, 2024). The Court heard the motion on March 13, 2025, and took it under advisement.

## II. FACTUAL BACKGROUND

The following facts are undisputed based on the pleadings and declarations presented to the Court.

1. On March 14, 1929, Lot No. 5078, Agana, was conveyed to Vicente Aguon Leon Guerrero, Leon Guerrero's late father, under the Certificate of Guaranteed Claim No. 3123 (Instrument No. 641). Def. Sandcastle, Inc.'s Req. Jud. Not., Ex. A (Nov. 12, 2024).[1]

2. Lot 5078 was then divided into several parcels, one of which was Lot No. 5078-5. An August 13, 1980 Parceling Survey Map prepared for Vicente Leon Guerrero further divided Lot 5078-5 into Lot No. 5078-5-R and Lot. No. 5078-5-1- R/W (collectively, "Subject Lots"). Def. Sandcastle, Inc.'s Mot. Dismiss at 6.

3. There was litigation regarding the Subject Lots from September 30, 1980, to August 5, 1981, pertaining to a mortgage of real property with Clank International Co. and Agnes S.E. Lee (trustee for Jadelynn L. Lee) as Mortgagors and Vicente M. Leon Guerrero as Mortgagee for a debt of $202,342.50 secured by the Subject Lots. The litigation resolved through a Cancellation and Release of First Mortgage on Real Property (Instrument No. 322945). *Id.* at 3; Def. Sandcastle, Inc.'s Req. Jud. Not., Exs. B-E.

---

[1] Sandcastle requested the Court take judicial notice of documents constituting public records from DLM. *Id.* at 2. Pursuant to Guam Rule of Evidence 201(b), the Court grants judicial notice of the exhibits attached to this request.

4. On February 1, 1982 Vicente Leon Guerrero transferred the Subject Lots to Jaung Gin Rice and Virginia E. Balajadia via a Warranty Deed (Instrument No. 326501) in consideration for the purchase sum of $231,735.00. Plaintiff Daniel Leon Guerrero signed this Warranty Deed as attorney-in-fact for his father. *Id.,* Ex. F.

5. On September 12, 1986 Jaung Gin Rice and Virginia E. Balajadia transferred the Subject Lots to Furusawa Investment Corporation via a Warranty Deed (Instrument No. 375579). *Id.,* Ex. I.

6. On May 18, 1988 Furusawa Investment Corporation transferred the Subject Lots to I&F Corporation via a Quitclaim Deed (Instrument No. 398352). *Id.,* Ex. L.

7. On July 26, 1988 Jadelynn L. Lee transferred any interest she had in the Subject Lots to I&F Corporation via a Quitclaim Deed (Instrument No. 401306). *Id.,* Ex. M. Certificate of Title No. 68111, indicating that Jadelynn L. Lee held an interest in the Subject Lots, was canceled in 1988, upon which I & F Corporation received title in Certificate of Title No. 83111. *Id.,* Ex. S.

8. On October 19, 1989 I&F Corporation transferred the Subject Lots to Sandcastle via a Quitclaim Deed (Instrument No. 424558) in consideration for the sum of $3,633,368.00. *Id.,* Ex. N.

## III.   LAW AND DISCUSSION

Sandcastle moves for dismissal under Guam Rules of Civil Procedure 12(b)(1) and (6) for lack of jurisdiction over the subject matter, insufficiency of process, and failure to state a claim upon which relief can be granted, respectively. For motions brought under Rule 12(b)(6), the Court accepts well-pleaded facts as true, construes the pleadings in a light favorable to the plaintiff, and resolves all doubts in the non-movant's favor. *Cruz v. Cruz,* 2023 Guam 20 ¶ 10.

ORIGINAL

The parties do not offer a standard to view the allegations under a jurisdictional attack under Rule 12(b)(1); thus, the Court applies the general federal standard that a Rule 12(b)(1) motion should be granted if it appears certain that the plaintiff cannot prove any set of facts entitling him to relief. *See Wagstaff v. U.S. Dept. of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007).

### A. The Court finds there are grounds to dismiss Leon Guerrero's Complaint for lack of subject matter jurisdiction.

To have standing for a quiet title action, the moving party must have an interest in the property. *Chao Fun, Inc. v. Chen*, 141 Cal. Rptr. 3d 381, 389 (Ct. App. 2012).[2] Sandcastle argues that Leon Guerrero does not have standing for a quiet title action and as such his complaint should be dismissed under Rule 12(b)(1) given that standing is a threshold jurisdictional matter. *Guam Imaging Consultants, Inc. v. Guam Mem'l Hosp. Auth.*, 2004 Guam 15 ¶ 7. Leon Guerrero asserts that he has standing as an heir of his father Vicente Leon Guerrero. Resp. in Opp'n to Def.'s Mot. Dismiss at 25. Sandcastle responds that Leon Guerrero does not have standing as his late father "transferred away all interest he had in the property through a warranty deed in 1982" and that regardless, Leon Guerrero does not allege to be acting in a representative capacity for his late father. Def. Sandcastle, Inc.'s Mot. Dismiss at 8-9.

For a person to have an interest in property, he cannot have transferred away the entirety of their interest. *Jacobsen v. Aurora Loan Servs., LLC*, 661 Fed.Appx. 474, 476 (9th Cir. 2016). While Leon Guerrero might be an heir to his late father's estate, Vicente Leon Guerrero transferred the entirety of his interest in the Subject Lots through Instrument No. 326501. Once this interest was transferred, Vicente Leon Guerrero no longer had standing as it related to the

---

[2] 21 GCA § 25101 details that a quiet title action can be brought against another who claims an interest in property that is adverse to them. The Court interprets this to mean that under Guam law both parties must claim an interest in the property for adequate standing to exist.

ORIGINAL

Subject Lots. Accordingly, his son also does not have sufficient standing to bring an action to quiet title. The Court therefore GRANTS Sandcastle's Motion to Dismiss under Rule 12(b)(1) for lack of standing leading to lack of subject matter jurisdiction.

## B. The Court finds there are grounds to dismiss Leon Guerrero's Complaint for failure to state a claim upon which relief can be granted.

Next the Court assesses Sandcastle's claim that Leon Guerrero's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Sandcastle argues that Leon Guerrero's claim should be dismissed under Rule 12(b)(6) because he fails to state a claim to title and his claims are time-barred.

### 1. Lack of Interest

Under Rule 12(b)(6) a complaint may be dismissed "if it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 9. Sandcastle argues that when considering the full recorded chain of title, Sandcastle is the superior title holder. Further it argues that Sandcastle is a bona fide purchaser and is protected under the Registration law.

The Court has reviewed how Leon Guerrero lacks standing to bring this claim as he, and his late father, no longer have an interest in the Subject Lots. The same facts that the Court considered in arriving at that determination are used in the Court's determination that Sandcastle is the superior title holder. The chain of title shows that Vicente Leon Guerrero transferred the entirety of his interest in the Subject Lots. Def. Sandcastle, Inc.'s Req. Jud. Not., Ex. F. Because this interest was transferred, Leon Guerrero does not have an adequate interest to support his quiet title claim. The chain of title is documented through records at DLM and illustrates that Sandcastle holds the entirety of the interest in the Subject Lots. Def. Sandcastle,

ORIGINAL

Inc.'s Req. Jud. Not., Ex. N. Leon Guerrero's lack of interest subjects this case to dismissal.[3]

### 2.　　Time-Bar Under the Statute of Limitations

Next, the Court assesses Sandcastle's argument that Leon Guerrero's claims are time barred by the statute of limitations. Under Rule 12(b)(6), if a complaint is barred by the statute of limitations, the complaint may be dismissed as there is a failure to state a claim upon which relief can be granted. *Levy v. Paramount Pictures*, 104 F. Supp. 787, 788-89 (N.D. Cal. 1952); *Cruz v. Cruz*, 2023 Guam 20 ¶ 41 (citing *Amsden v. Yamon*, 1999 Guam 14 ¶ 12).

There is a three-year statute of limitations for claims brought on the grounds of fraud or mistake and there is a five-year statute of limitations for claims to recover possession of real property for seizin. 7 GCA § 11305(d); 7 GCA § 11205. Relative to fraud, the statute of limitations begins at the discovery of the alleged facts constituting the fraud. 7 GCA § 11305(d).

When a complaint shows on its face that the applicable statutes of limitations bar the cause of action, the claimant must plead facts that show an excuse, tolling, or some other basis for avoiding the statutory bar. *Amsden v. Yamon*, 1999 Guam 14 ¶ 12. However, Leon Guerrero fails to mention any facts to excuse the limitations bar. Instead, he argues that there is no statute of limitations on challenges to the validity of a deed that is void ab initio for fraud. *Hancock v. Kulana Partners, LLC*, 452 P.3d 371, 374 (Haw. 2019). The Court however notes that the authority cited by Leon Guerrero is specific to Hawai'i and has not been adopted by Guam. Under Guam law, the relevant statute of limitations for fraud, even as it relates to deeds, is three

---

[3] Sandcastle claims it is a bona fide purchaser; to the contrary, Leon Guerrero contends Sandcastle is not a bona fide purchaser because it "knowingly participated in the wrongdoing" and has unclean hands by participating in the contract with I&F Corporation. Resp. in Opp'n to Def.'s Mot. Dismiss at 12, 15. He further cites authorities that state that bona fide purchasers do not have protected interests when a deed is a forgery and void ab initio. *Id.* at 42. The Court finds it is unnecessary to engage in a determination of Sandcastle's status as a bona fide purchaser given that Leon Guerrero has no interest that can be impacted by this determination.

years. *Taitano*, 2008 Guam ¶ 44; *Burkhart v. Miranda*, 2013 Guam 2 ¶ 25. As established by the Guam Supreme Court this statute of limitations begins to run when the "claimant, exercising reasonable diligence, obtains information that would put a reasonable person on inquiry." *Burkhart*, 2013 Guam 2 ¶ 26.

The deed conveying the Subject Lots from Vicente Leon Guerrero to Rice and Balajadia was executed and recorded in 1982—over 42 years ago. The deed conveying the Subject Lots from I&F Corporation to Sandcastle was executed and recorded in 1989—over 35 years ago. Sandcastle argues that the recorded instruments are matters of public record and, as such, Leon Guerrero had adequate notice of all facts for over 35 years, far beyond the three-year statute of limitations. Def. Sandcastle, Inc.'s Mot. Dismiss at 11. The Court agrees with Sandcastle. As the Guam Supreme Court has previously held, discovery of the fraud does not mean actual knowledge, but rather "when a plaintiff could have discovered the wrongful acts with reasonable diligence." *Gayle v. Hemlani*, 2000 Guam 25 ¶ 25. Leon Guerrero could have discovered the allegedly fraudulent acts with reasonable diligence over 35 years ago when the records were recorded with DLM and made public. The Court GRANTS Sandcastle's Motion to Dismiss under Rule 12(b)(6) as Leon Guerrero's claims are time-barred by the relevant statute of limitations.[4]

## IV.    CONCLUSION AND ORDER

The Court finds that Leon Guerrero does not have an interest in the Subject Lots, and filed an untimely action. Thus, the Court GRANTS Sandcastle's Motion to Dismiss under Guam

---

[4] Given that the Court has established that Leon Guerrero does not have adequate standing to bring this claim and has also exceeded the relevant statute of limitations, the Court finds it is unnecessary to engage in his theory of the case as to fraud and if it was sufficiently alleged, or address the incomplete service of process issues.

ORIGINAL

Rules of Civil Procedure 12(b)(1) and (6), with prejudice.[5]

Because the lack of subject matter jurisdiction affects Leon Guerrero's claims against DLM, the Court extends dismissal to Defendants Department of Land Management, its Director, and the Government of Guam.

A Judgment of Dismissal shall issue.[6]

**SO ORDERED, 6 May 2025.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Parties:
Daniel V. Leon Guerrero, *Pro se* Plaintiff
Michael A. Pangelinan, Esq., Calvo Jacob & Pangelinan LLP, for Defendant Sandcastle, Inc.
Joseph A. Guthrie, Chief Deputy AG, Office of the Attorney General for Defendant Government
      of Guam

---

[5] Sandcastle contends the Court should impose sanctions upon Leon Guerrero for frivolous claims and that it reserves its right to seek sanctions under GRCP 11. The Court refrains from making any determination relevant to sanctions absent an official motion from Sandcastle.

[6] Leon Guerrero has filed other motions, all of which are now deemed moot.

ORIGINAL